IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDRE M. KELLY,

                                                                   OPINION and ORDER

        Plaintiff,

                                                                  13-cv-651-bbc

       v.

C/O A. PETERSON, C/O KE CASPERES
and C/O COFFEE,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDRE M. KELLY,

                                                                   OPINION and ORDER

        Plaintiff,

                                                                  13-cv-677-bbc

      v.

S. VAN VORST and
NURSES ON 9-11-13, 3 TO 11 STAFF,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In these two cases, pro se prisoner Andre M. Kelly is proceeding on claims that officials at the Dane County jail violated his constitutional rights by failing to provide appropriate medical care for his seizures. In both cases, defendants have filed motions for summary judgment on the ground that he failed to exhaust his available administrative remedies, as required by 42 U.S.C. § 1997e(a). Having reviewed the parties' submissions,

1

I conclude that I cannot grant defendants' motions because there are genuinely disputed facts on the question whether plaintiff had available administrative remedies. In accordance with Pavey v. Conley, 528 F.3d 494, 496-98 (7th Cir. 2008), I must hold a hearing to resolve these disputes.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, Woodford v. Ngo, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," Porter v. Nussle, 534 U.S. 516, 524 (2002).

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. See also Woodford, 548 U.S. at 90 ("proper exhaustion demands compliance with an agency's deadlines"). A failure to follow these rules may require dismissal of the prisoner's case. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999). However, "[i]f administrative remedies

are not 'available' to an inmate, then the inmate cannot be required to exhaust." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). "In determining whether a particular remedy was 'available' to a prisoner who failed to exhaust, the Court of Appeals for the Seventh Circuit has held that the key question is whether the prisoner or an official was at fault for the failure to complete the grievance process properly." Shaw v. Jahnke, 607 F. Supp. 2d 1005, 1010 (W.D. Wis. 2009) (internal quotations omitted).

In these cases, defendants do not deny that plaintiff filed grievances related to all of the claims he is asserting. Rather, defendants' only argument in both cases is that plaintiff failed to file an administrative *appeal* after his grievance was denied, as required by the inmate handbook at the Dane County jail. In response, plaintiff raises two arguments: (1) he never received a decision on his grievances, so he could not have filed a timely appeal of the grievance; and (2) even if he had received decisions, he never received an inmate handbook, so he would not have known that he needed to file an appeal.

Plaintiff's allegations raise genuine issues of material fact on the question whether plaintiff had an available remedy. With respect to plaintiff's first argument, the general rule is that, "if [a prisoner] did submit a grievance but received no ruling, he was not required to file an appeal." Walker v. Sheahan, 526 F.3d 973, 979 (7th Cir. 2008). See also Roberts v. Neal, 745 F.3d 232, 236 (7th Cir. 2014) ("[A]ssuming [a grievance] was filed, [the prisoner] never received a response from the warden, and so didn't have to do anything further to keep his grievance alive."). An exception to the rule might apply if the jail had a rule that a prisoner should file an appeal if he does not receive a ruling after a particular

3

amount of time.  E.g., 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").  However, defendants do not argue that the Dane County jail has such a rule.

Defendants point to their own evidence showing that jail officials did respond to plaintiff's grievances, but this shows only that the issue is disputed and cannot be resolved on a motion for summary judgment.  Although plaintiff relies solely on his own say-so as evidence that he never received a response, that is sufficient to create a genuine issue of material fact.  Roberts, 745 F.3d at 234 ("[The prisoner] provided no documentation to back up his claim [that he filed a grievance], such as a copy of the grievance. But that was not an adequate basis for a grant of summary judgment.").

The same conclusion is required with respect to the second issue, whether plaintiff was aware that he was supposed to file an appeal.  "[P]risoners must be informed of the grievance procedure at the admitting facility," Roberts, 745 F.3d at 235 (internal quotations omitted), so if plaintiff was not informed that he was required to file an appeal, his failure to file one cannot be a ground for dismissing his claims.  Defendants say that the instructions for filing an appeal were in the inmate handbook, but plaintiff says that he never received a handbook, so this is another disputed issue.  Further, defendants cite no evidence that plaintiff was aware of the appeal procedure through other means, so I cannot assume that he was.  Roberts, 745 F.3d at 235 ("It can't be assumed without some evidence that a prisoner is aware of [the grievance procedures."]).

4

When there are genuine factual disputes regarding exhaustion under § 1997e(a), the district court must hold an evidentiary hearing to resolve the disputes. Pavey, 544 F.3d at 741–42. Accordingly, I am denying defendants' motion and scheduling a hearing. At the hearing, the parties will have an opportunity to present testimony and documentary evidence to support their positions on the general question whether plaintiff exhausted his available administrative remedies and the more specific questions whether plaintiff received a decision on his grievances related to this case and whether he was aware that he was supposed to file an appeal. After the hearing, I will decide whether defendants have met their burden to prove that plaintiff failed to comply with § 1997e(a).

ORDER

IT IS ORDERED that

1. The motions for summary judgment filed by defendants Peterson, Casperes and Coffee in case no. 13-cv-651-bbc, dkt. #44, and by defendant Van Vorst in case no. 13-cv-677-bbc, dkt. #43, are DENIED.

2. In accordance with Pavey v. Conley, 544 F.3d 739 (7th Cir. 2008), an evidentiary will be held on August 21, 2014 at 9:00 to determine whether plaintiff Andre Kelly exhausted his available administrative remedies as required by 42 U.S.C. § 1997e(a).

3. The clerk of court is directed to issue a writ of habeas corpus ad testificandum for plaintiff to appear at the hearing. Plaintiff should arrive at the hearing at least thirty

minutes before the hearing is scheduled to begin.

Entered this 11th day of July, 2014.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge